[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Hamdy and Iman Ismaill, have brought this action against the defendants, Phillip Jepsen and Transportation General, Inc., for damages they sustained as a result of a motor vehicle accident which occurred on June 21, 1993. On September 29, 1994, the plaintiffs filed a two count amended complaint, claiming that the accident was caused by the negligent and reckless conduct of said defendant Phillip Jepsen. The first count sounds in negligence and alleges that the accident was caused by the negligent conduct of defendant Phillip Jepsen.
The second count attempts to state a cause of action for reckless conduct and alleges that the accident was caused by defendant Jepsen's reckless operation of defendant Transportation General, Inc.'s motor vehicle.
On October 7, 1994, the defendants filed a motion to strike the second count of the plaintiffs' complaint on the ground that it fails to set forth facts that would support a cause of action for recklessness.
The plaintiffs have failed to file a memorandum in opposition to the defendants' motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems,CT Page 642Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992). The motion to strike "admits all facts well pleaded". Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). [I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading." Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "[W]e take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992).
The defendants argue in their memorandum in support of their motion to strike that count two of the plaintiffs' amended complaint fails to state a cause of action for recklessness because the plaintiffs have not alleged facts that would support such a cause of action. The defendants claim that the plaintiffs have failed to allege facts beyond those alleged in the first count, which sounds in negligence. They argue that the plaintiffs must allege the specific conduct that they claim rises to the level of recklessness in order to support a cause of action for reckless conduct.
The plaintiffs have not submitted a memorandum in opposition to the defendants' motion to strike as required by Practice Book § 155.[1]
"The Connecticut Supreme Court has consistently held that where a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon." Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.), citing Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid a CT Page 643 danger to others, or to take reasonable precautions to avoid injury to them.
Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
"Reiterating the factual allegations of a cause of action for negligence and renaming the claim recklessness does not transform it into a recklessness claim. Recklessness is conduct that indicates a reckless disregard of the just right or safety of others or the consequences of one's actions." Meiliken v. Romano, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0131303 (April 28, 1994, Lewis, J.).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted, internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988).
In Dumond v. Denehy, the Connecticut Supreme Court stated:
 We reiterate, and in so doing add emphasis to, what was said in Brock v. Waldron, 127 Conn. 79,80, 81, 14 A.2d 713, (1940). The complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word reckless or recklessness is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
Dumond v. Denehy, supra, 145 Conn. 91.
In the present case, the plaintiffs have alleged in the CT Page 644 second count of their amended complaint that the accident was caused by the defendant's reckless conduct. However, the plaintiffs have not set forth any specific acts of the defendants that would support their allegations of reckless conduct.
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness in the second count.
Therefore, the defendants' motion to strike the second count of the plaintiffs' amended complaint is granted.
Howard F. Zoarski, Judge