FREDERICK L. DUMOND, ADMINISTRATOR D.B.N.
(ESTATE OF DONALD P. DUMOND) v.
RICHARD DENEHY ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued January 14—decided February 4, 1958

*Milton M. Koskoff,* for the appellant (plaintiff).

*Walter J. Sullivan,* with whom, on the brief, was *Joseph V. Fay, Jr.,* for the appellees (defendants).

MURPHY, J. The plaintiff's decedent, Donald Dumond, died almost instantly on June 11, 1954, after his automobile had been in collision with one oper-

ated by the defendant Richard Denehy. The decedent's administrator brought suit against Denehy and his father, the owner of the automobile, to recover for Dumond's death. Upon the trial of the case, the jury returned a verdict for the defendants which the trial court refused to set aside. From the judgment entered thereon, the plaintiff has appealed.

Error has been assigned as to certain portions of the charge as given and as to the failure of the court to charge as requested. Because of the narrow scope of the appeal, it can be properly treated without detailed recitation of the facts which were claimed to have been proved.

Upon arraignment in criminal court, Richard Denehy, hereinafter called the defendant, pleaded guilty to a charge of negligent operation of a motor vehicle so as to cause loss of human life. Cum. Sup. 1955, § 1316d. Evidence of this plea and the finding of guilty thereon was admitted in the instant case. The plaintiff requested the court to charge that as a result of the plea the defendant was negligent as a matter of law; that his negligence was as a matter of law the proximate cause of the death of Dumond; that contributory negligence would not be a defense in such a situation; and that therefore the verdict should be for the plaintiff. The trial court instructed the jury that the plea of guilty to the criminal charge could be considered by them as an admission by the defendant that he was negligent and that his negligence was a proximate cause of Dumond's death; that such an admission was inconsistent with the defendant's present claim that he was not negligent; that the defendant could explain his reason for pleading guilty and that such a plea did not conclusively establish responsibility for the collision. In thus charging the jury, the trial court was correct. *Brad-*

*ley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876; *Moulin* v. *Bergeron,* 135 Conn. 443, 445, 65 A.2d 478; *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313, 317.

In rather ambiguous language, the plaintiff requested the court to charge on reckless driving and reckless and wanton misconduct and that contributory negligence is not a defense to the reckless operation of a motor vehicle. The court did not comply with the request. To determine whether the court erred, we must examine the pleadings and ascertain whether the plaintiff alleged a cause of action in reckless misconduct.

The plaintiff tried the case under a substituted complaint to which contributory negligence had been pleaded by the defendants as a special defense. The plaintiff alleged that the collision and death "were caused by the negligence, carelessness and recklessness of the defendants" and then detailed twelve specific allegations, eleven of which were in negligence. The other invoked the last clear chance doctrine, which was not applicable to this case. In subsequent paragraphs of the complaint, reference was made to the negligence, recklessness and carelessness of the defendants, "as above alleged," in connection with the death of Dumond, the appointment of the administrator of his estate and the expenses which followed the collision and death. Briefly, the plaintiff's claim in this respect can be summarized as follows: The use of the word "reckless" or "recklessness" in a complaint, without any specific allegation of conduct which is either reckless or wanton, is sufficient to require a charge on reckless or wanton misconduct.

In *Mooney* v. *Wabrek,* 129 Conn. 302, 307, 27 A.2d 631, we said that we could not hold the allegations of the complaint insufficient to justify submission of the

issue of recklessness to the jury, in view of the fact that the defendant made no objection to the charge until after the verdict was rendered. Error, however, was found in that case (p. 308) in submitting to the jury the issue of reckless misconduct as a basis for removing the defense of contributory negligence, because the plaintiff's claims of proof were insufficient. We reiterate, and in so doing add emphasis to, what we said in *Brock* v. *Waldron,* 127 Conn. 79, 80, 14 A.2d 713: "[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. The court did not err in not charging the jury as requested.

The other assignments of error are not pursued in the brief and are treated as abandoned. *Somers* v. *Hill,* 143 Conn. 476, 480, 123 A.2d 468.

There is no error.

In this opinion the other judges concurred.