[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the second and the third counts of the complaint. The second count alleges reckless, wilful and wanton misconduct, incorporating the allegations of negligence of the first count. The third count is based upon C.G.S. 14-295, alleging "deliberate or with reckless disregard," setting forth two violations of C.G.S. 14-222(a) and a violation of C.G.S. 14-213a(a).
The defendant claims, as pertains to both the second and the third count the plaintiff must allege the conduct that is claimed to be reckless or wanton. The plaintiff misreads Dumond v. Deneky, 145 Conn. 88, 91. Also see Manning v. Michael, 188 Conn. 607, 619.
"Recklessness is a state of consciousness with reference to one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct." Begley v. Kohl Madden Printing Ink Co., 145 Conn. 445, 451.
By incorporating the claims of negligence from the first count into the second count the plaintiff has specified the conduct upon which she relies. By setting forth the violations of statutes in the third count the plaintiff has set forth the conduct upon which she relies. The state of mind of recklessness is the fact to be proven. Matters tending to show that state of mind are evidence, and as such are neither necessary nor appropriate to be set forth in the pleading. (Pactice [Practice] Book 108).
The second contention of the defendant is that "the plaintiff has included in the third count an allegation of statutes not expressly included in Section 14-295." Here the defendant misreads the statute citation, 14-222(a), i.e. parentheses (a), Reckless Driving, believing that it alleges a violation of C.G.S. 14-222a, i.e., non-parentheses a, which is the negligent homicide statute, which is not covered by 14-295.
For the reasons set forth herein, the motion to strike is denied.
L. P. Sullivan, J.
Next page is 6877 CT Page 6877