[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff's three count, amended complaint seeks recovery for injuries she sustained when she tripped and fell on an allegedly defective sidewalk. The first count charges defendant with negligence in "the maintenance, control and care of the premises . . ." and contains twelve separate specifications of negligence. The second count sounds in nuisance. The third count charges defendant with recklessness in "the maintenance, control and care of the premises. . . . "The specifications of recklessness are the same as the negligence claims found in the first count.
Defendant filed a motion to strike claiming that plaintiff's third count is legally insufficient because the claim for recklessness is based on the exact same allegations as the negligence claim in count one.
The function of a motion to strike "is to test the legal sufficiency CT Page 6914-S of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In testing legal sufficiency the factual allegations of the complaint are construed in the light most favorable to the nonmovant. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
Defendant argues that, since there is a major difference between recklessness and negligence, the mere "verbatim repetition" of the allegations contained in plaintiff's negligence count are not sufficient to support her recklessness count. Plaintiff contends that the recklessness claim in count three is legally sufficient, regardless of its similarity to the negligence count, because she is entitled to plead alternative theories of liability.
There is no dispute that one may plead alternative theories of liability. Practice Book 137 provides that "[t]he plaintiff may claim alternative relief, based upon an alternative construction of her] cause of action." The right to claim alternative relief does not affect the question of legal sufficiency of a cause of action. The issue is whether plaintiff's recklessness count is legally sufficient. CT Page 6914-T
"There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Citation omitted.) Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
 "Recklessness[1] is a state of consciousness with reference to the consequences of one's acts. . . . It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted; citations omitted.) Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45, 492 A.2d 219 (1985).
Because "recklessness" and "negligence" are very different causes of action and are based on different standards, a pleader cannot wholly rely on the factual allegations in a claim sounding CT Page 6914-U in negligence to sustain the legal sufficiency of a claim based on recklessness. "Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Comparone v. Cooper, 7 Conn. L. Rptr. 262, 263 (August 27, 1992, Lewis, J.), quoting Dumond v. Denehy, supra, 91.
"The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Comparone v. Cooper, supra. "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." (Citations omitted.) Anderson v. Ansaldi, 8 Conn. L. Rptr. 242, 242 (January 22, 1993, Berger, J.). "A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence . . . . Some additional factual allegations are necessary to alter the nature of conduct complained of CT Page 6914-V from an action for negligence to an action for wilful and wanton conduct." (Internal quotation marks omitted; citations omitted.) Estate of Just v. Aparo, Superior Court, Judicial District of Middletown, Docket No. 65339 (April 27, 1993, Higgins, J.).
The allegations in plaintiff's third count do not contain facts sufficient to state a valid cause of action for recklessness. Defendant's motion to strike count three of plaintiffs amended complaint is granted.
Spear, J.