[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#107) AND OBJECTION THERETO (#109)
The complaint, dated October 4, 1993, was returned to this court on October 22, 1993 bearing a return date of November 2, 1993.
The plaintiffs have filed a six count complaint against the defendants, Charles Brewster and Robert Conroy, seeking monetary damages for injuries suffered as a result of an occurrence on or about May 24, 1992. Diana Bivens was a passenger in a motor vehicle which was struck by the motor vehicle operated by the defendant Charles Brewster immediately following a collision between the defendant Charles Brewster and the defendant Robert Conroy. CT Page 3159
The defendant, Robert Conroy, has moved to strike (docket entry 107.00) the claims of the plaintiffs and their prayers for relief under General Statutes 14-295 and that the court strike the fifth and sixth counts of the complaint.
The fifth and sixth counts of the plaintiffs' complaint allege that the plaintiffs' injuries and damages were due to the recklessness of the defendant Robert Conroy in that
 ". . . he operated said vehicle at an unreasonable, improper and excessive rate of speed having regard to curves, width, traffic and use of said highway and the intersection of said streets and the weather conditions then and there existing in violation of 14-218a of the Connecticut General Statutes, which was a substantial factor in causing the plaintiffs' injuries in reckless disregard for the plaintiffs' safety."
Essentially, these allegations repeat the allegations of the fourth count alleging negligent conduct.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). The motion to strike admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142 (1989). However, it does not admit legal conclusions. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992).
The fifth and sixth counts fail to contain factual allegations to support a claim that the defendant recognized his conduct involved a risk of injury which was substantially greater than that necessary to make his conduct negligent. It fails to state a claim for reckless conduct sufficient to satisfy the requirements of General Statutes 14-295. This same specificity is required to support a claim for punitive damages under the common law. Our Supreme Court has consistently held that where a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon. In Dumond v. Denehy, 145 Conn. 88, 91 (1958), the Supreme Court stated CT Page 3160
 "We reiterate and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80 (1940); `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
This court finds that the plaintiffs must do more than reiterate the facts alleged in their negligence counts in order to make out a claim for reckless violations of any of the statutes referred to in General Statutes 14-295. Because of the plaintiff's failure to include specific allegations that indicate wanton misconduct, the court grants the defendant's motion to strike count five of the complaint. However, the court denies that portion of the motion to strike addressing count six since the loss of consortium claim incorporates count four's allegations of negligence and that is sufficient to support the claim for loss of consortium.
For the foregoing reasons, the court also strikes the ad damnum claim for double or treble damages.
EDDIE RODRIGUEZ, JR., JUDGE