[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 115
This matter is before the court on the defendant's motion to strike the plaintiff's claim for double or treble damages in Count Two of the First Amended Complaint.
On January 18, 1995, the plaintiff, Joseph Babkie, filed a two count amended complaint seeking damages arising out of an alleged collision with a bus.
The plaintiff alleges in the first count that the bus was owned by the Greater New Haven Transit District (New Haven) and leased to the Norwalk Transit District (Norwalk). The plaintiff alleges that Norwalk was acting in its capacity as the manager of the Westport Transit District (Westport). The plaintiff alleges that at the time of the collision, Annie R. Kinder (Kinder) was operating the bus in her capacity as agent, servant and employee of Norwalk and Westport. The plaintiff continues and recites that the collision, and the injuries and damages resulting therefrom, were caused by the negligence of Kinder.
The second count incorporates the first count in its entirety and alleges that "[t]he acts of the defendant Annie Kinder as described in paragraph 7 of this count were in reckless disregard for the rights of others including the plaintiff."[1] Based on this count, the plaintiff seeks double or treble damages pursuant to General Statutes § 14-295.[2]
On May 3, 1995, New Haven, Norwalk, Westport and Kinder (defendants) filed a motion to strike the plaintiff's claim for double or treble damages on the ground that the second count of the plaintiff's amended complaint fails to set forth sufficient facts to support a claim in reckless misconduct.
The defendants have filed a memorandum of law in support of their motion to strike. The plaintiff has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (Super.Ct., 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. MingachosCT Page 6452v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
In their supporting memorandum, the defendants initially posit that the second count merely repeats the same factual allegations as set forth in the first count, which allegedly sounds in negligence. Without more, the defendants postulate that the second count fails to set forth a claim sounding in reckless misconduct. Additionally, the defendants argue that an employer cannot be vicariously liable for multiple damages pursuant to § 14-295 for injuries caused by an employee while operating a motor vehicle in the scope of its employment.
In his opposition memorandum, the plaintiff counters that he has alleged sufficient facts to support a claim for reckless misconduct.
"`Recklessness is a state of consciousness with reference to the consequences of one's acts.'" (Citation omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). "It is `more than negligence, more than gross negligence.'" (Citation omitted.) Id. "`Wanton misconduct is reckless misconduct.'" (Citations omitted.) Id. "While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing.[8] `The result is that "willful," "wanton," or "reckless" conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention . . .' W. Prosser W. Keeton, Torts (5th Ed.) 34, p. 214." Id., 533.
A complaint predicated upon reckless misconduct "should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied upon." Dumondv. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958). "Simply using the word `reckless' or `recklessness' is not enough." Id. "A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id.
In the present case, that the plaintiff has not set forth any CT Page 6453 allegations that specifically allege reckless or wilful conduct on the part of defendant Kinder. See e.g., Fisher v. Irby,
Superior Court, judicial district of Fairfield at Bridgeport, No. 309622 (Feb. 1, 1994, Ballen, J.) (Second count is stricken as conclusatory where the plaintiff failed to include "any allegations that meet the standard of specificity necessary to allege reckless or wilful conduct."). Additionally, this court has previously held that an employer may not be held vicariously liable for multiple damages pursuant to § 14-295 for injuries caused by an employee while operating a motor vehicle in the course of employment. See Marin v. Plaskawicki,13 Conn. L. Rptr. 174 (Jan. 30, 1995, Maiocco, J.).
For the foregoing reasons, the defendants' motion to strike is granted.
BY THE COURT,
MAIOCCO, JUDGE