[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #104
The plaintiff filed a revised three count complaint on December 5, 1995, against the defendants, Sarah and Peter Thornton, for injuries arising out of an automobile accident. The defendant moved to strike counts two and three of the complaint and the prayer for relief seeking double and treble damages on December 11, 1995. The plaintiff filed an opposition to the motion. Count one of the complaint alleges negligence in that the defendant, Sarah Thornton, followed too closely, failed to apply her brakes in time, failed to turn her vehicle, was operating her vehicle at an unreasonable rate of speed, was inattentive, drove with defective brakes, did not sound a warning, failed to make proper use of her faculties and did not keep her vehicle under proper control. (Complaint ¶ 7.a-k.) Count two incorporates count one and alleges a violation of General Statutes § 14-222 and 14-218a and proximate causation, asking for relief pursuant to § 14-295. Count three incorporates both Counts one and two, and alleges that the defendant operated her motor vehicle wantonly and with reckless disregard for the rights and safety of the plaintiff.
The defendant argues that the plaintiff's second and third counts merely repeat the negligence allegations and state that the allegations were deliberate or done with reckless disregard without alleging additional facts. "A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. 106,110, 529 A.2d 743 (1987); Dumon v. Denehey, 145 Conn. 88,91, 139 A.2d 58 (1958).
General Statutes § 14-222 states, in pertinent part, "The operation of a motor vehicle . . . at such rate of speed as to endanger the life of any other person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section." The complaint states "[s]he operated her motor vehicle in that she drove at such a rate of speed and as stated herein so as to endanger the life of the plaintiff." (Complaint, ¶ 7.f.) The court has held that the allegation that the plaintiff was operating her automobile at a speed that endangered life was sufficient (although barely) to state a cause of action pursuant to General Statutes § 14-222 (a) and the claim for extra damages in § 14-295 as well as a common law claim for wanton or CT Page 533 wilful conduct. Eldridge v. Sternberg, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 544939 (February 16, 1995, Wagner, J.). See also Ogletree v. Brown, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 134778 (July 29, 1994, Lewis, J., 9 CSCR 908) (holding that claim under General Statutes 14-295 does not require the same degree of specificity in alleging violations as a common law claim.) The allegation that the defendant endangered the life of the plaintiff states a cause of action in statutory and common law recklessness. Accordingly, the motion to strike is denied.
KARAZIN, J.