[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 108)
A. FACTS:
The plaintiff, Robert Hubbard, alleges that the defendant, Police Officer Robert Ferone, negligently and/or recklessly engaged the plaintiff in a high speed chase through several public streets, causing the plaintiff's vehicle to strike an embankment. After his vehicle struck the embankment, the plaintiff alleges that he was thrown from the vehicle and suffered injuries. Plaintiff further alleges that the defendant Officer was negligently trained by the New Britain Police Department CT Page 1267-BB and that the defendant continued to chase the plaintiff even though the defendant was aware of the dangerousness of the activity to the plaintiff and other individuals who were on the roadway. Lastly the plaintiff alleges that the defendant failed to follow the New Britain Police Department policies regarding high speed chases, as taught by the New Britain Police Chief.
The pertinent counts challenged on this motion to strike are: Count two, recklessness against Officer Ferone; Count three, negligence against Chief of Police William Sencio, specifically negligent training (count 7(d)) and Count five, negligence against former Chief of Police Clifford Willis, specifically negligent training (count 7(d)).
The defendant has filed a motion to strike count two and paragraph 7(d) of counts three and five. The defendant has filed a memorandum in support and the plaintiff has filed and objection to the defendant's motion to strike and a supporting memorandum.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant stated the ground for striking count two as: "[The plaintiff failed] to allege facts showing that the defendant acted recklessly;" and the defendant stated the ground for striking paragraph 7(d) of counts three and five as: they purport "to state a separate cause of action barred by governmental immunity."
Count Two:
 In Dummond v. Denehy, 145 Conn. 88, 139 A.2d 58
CT Page 1267-CC (1958) the court stated the pleading specificity required in a count alleging recklessness:
 "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and imposing counsel that reckless misconduct is relied on. . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
Id., 91.
In Comparone v. Cooper, 7 CSCR 1108 (August 27, 1992, Lewis, J.), the court reiterated the holding in Dummond v.Denehy, supra and went further stating, "[t]he reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim for reckless misconduct by mere nomenclature." Id.
The plaintiff's second count alleges, in part, that the defendant was reckless, in that the defendant "6.a pursued a vehicle in violation of § 14-218a; b. engaged in the pursuit when he knew or should have known that it would endanger the plaintiff as well as other individual persons who were on the roadway. . . . c. engaged in a pursuit when he knew or should have known . . . such a reckless pursuit would cause the vehicle to travel in such a manner so as to endanger . . . 1. was speeding in violation of Connecticut General Laws § 14-219. . . ."
In the court's opinion, the plaintiff has sufficiently alleged facts, taken in the light most favorable to him, to state a cause of action upon which relief may be granted for recklessness. Additionally, where a plaintiff has over pled his negligence count by pleading facts that would amount to recklessness, there is little need for the plaintiff to plead different or additional facts in the recklessness count.
Accordingly, the motion to strike Count Two should be denied on these grounds. CT Page 1267-DD
Counts Three and Five:
"A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 94 313902 S (January 25, 1995, Cocco, J.). "[W]here `individual paragraphs standing alone do not purport to state a cause of action, `a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." Id., quoting Jaramillo v. Adis,8 CSCR 660 (May 5, 1993, Ballen, J.). Paragraph 7(d) of counts three and five state an independent cause of action, and thus, are vulnerable to a motion to strike.
This court adopts the well reasoned decision of Judge Aurigemma in Cook v. City of Hartford, 7 Conn. L. Rptr. No. 10, 270 (August 31, 1992). In Cook the court held that "the training and supervising police officers is clearly a discretionary governmental function. Considerations of who to hire, how to train such people, and how to supervise police officers on the job are decisions requiring the use of judgment and discretion." Id., 271.
Judge Aurigemma referred to Gordon v. BridgeportHousing Authority, 208 Conn. 116, 179, 544 A.2d 1185 (1988) when she stated "the court stated that the great weight of authority was that the operation of a police department is a discretionary governmental function." Id.
Paragraph ¶ 7(d) of the plaintiff's third and fifth counts fail to state a claim upon which relief may be granted. Additionally, the plaintiff has failed to plead facts which would tend to show that the plaintiff was an identifiable victim, such that any negligence in the training of the New Britain police officers would subject the plaintiff to imminent harm, thus the governmental immunity exception as identified inShore v. Stonington, 187 Conn. 150, 444 A.2d 1379 (1982), is inapplicable. Accordingly, the motion to strike should be granted.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to strike count two of the plaintiff's CT Page 1267-EE complaint ought to be and is hereby denied and the defendant's motion to strike paragraph 7(d) of counts three and five of the plaintiff's complaint ought to be and is hereby granted.
It is so ordered,
SALVATORE F. ARENA, J.