[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 104)
A. FACTS:
The plaintiff, Leonard Patient, alleges that on October 28, 1994, he was injured when a vehicle owned and operated by the defendant, Janice Stokes, negligently and/or recklessly moved from a parked position into the plaintiff's lane of traffic causing an accident in which the plaintiff alleges injuries. The plaintiff's complaint alleges causes of action as follows: Count I, in negligence; Count II, Dora Patient's loss of consortium claim, sounding in negligence; Count III, exemplary/punitive damages for reckless/willful conduct; and Count IV, § 14-295 statutory multiple damages claim for loss of consortium.
The defendant has filed a motion to strike Counts III and Counts IV of the plaintiff's complaint and to strike the requested multiple damages claimed under General Statutes § 14-295. In support the defendant filed a memorandum in support and the plaintiff has filed an objection to the defendant's motion to strike and a supporting memorandum.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency CT Page 1267-FF of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fall." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant's motion to strike states as the ground for striking Count III and IV of the complaint as: "Count III and IV, of the plaintiffs Leonard Patient and Dora B. Patient's Complaint dated October 12, 1995 as it fails to allege facts sufficient to support a claim of `reckless' conduct, fails to come under the purview of C.G.S. § 14-295 and it is a loss of consortium claim for which § 14-295 does not apply . . ." Additionally the defendant requests the prayer for relief requesting punitive damages and double or treble damages pursuant to § 14-295 be stricken, "as it is legally insufficient."
1. Recklessness and Punitive/Exemplary Damages
 In Dummond v. Denehy, 145 Conn. 88, 139 A.2d 58
(1958) the court stated the pleading specificity required in a count alleging recklessness:
 "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and imposing counsel that reckless misconduct is relied on. . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
Id., 91.
In Comparone v. Cooper, 7 CSCR 1108 (August 27, 1992, Lewis, J.), the court reiterated the holding in Dummond v.Denehy, supra and went further stating, "[t]he reiteration of CT Page 1267-GG acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim for reckless misconduct by mere nomenclature." Id.
The plaintiff alleges that the defendant was reckless, in that the defendant was "operating her vehicle while her ability to operate same was impaired by the consumption of alcoholic beverages, and by her recklessly propelling her automobile into the path of the plaintiff's vehicle."
The plaintiff has sufficiently alleged facts, taken in the light most favorable to him, to state a cause of action upon which relief may be granted for recklessness. Further, the plaintiff has alleged sufficient facts to permit its cause of action for punitive/exemplary damages pursuant to § 14-295. Accordingly, the motion to strike Count III and IV, should be denied on these grounds.
2. Loss of Consortium pursuant to § 14-295[1]
Recently, the honorable Beverly Hodgson addressed this precise issue in depth in Shabazz v. Price,11 Conn. L. Rptr. 331, 334 (April 22, 1994, Hodgson, J.). This court adopts Judge Hodgson's analysis in which she states:
 "The plaintiffs have alleged that the defendant driver violated 14-218a, -222, -227a and -204a, C.G.S. The defendants assert that where the claimed injuries are those arising from loss of consortium, 14-295 does not apply as a matter of law because the plaintiffs are not seeking `to recover damages resulting from personal injury' within the meaning of 14-295, because the plaintiffs' claims are not for direct injuries to themselves but for injuries resulting from the personal injuries sustained by their parents.
 Whether 14-295 C.G.S. is regarded as a cause of action, as in Lane v. Post, 7 Conn. L. Rptr. No. 8 230 (1992), or (as this court finds more accurate) as a statute giving rise only to enhanced remedies, not to a separate cause of action, general CT Page 1267-HH principles of statutory construction apply in determining the scope of its application. Section 1-1 C.G.S. provides that in the construction of statutes, words and phrases shall be construed `according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly.'
 The issue raised by the defendants is whether a loss of consortium claim can properly be said to seek recovery `resulting from personal injury.' The mental distress and psychological suffering and other losses identified by the plaintiffs come within what is generally understood to encompass claims of `personal injury.' The courts have repeatedly recognized that "personal injuries" are not synonymous with `bodily injuries.' Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 313 (1987) and cases cited therein. The Supreme Court decided in Izzo
that the term `personal injury' is broad enough to encompass a claim for injury which is personal to the claimant, although flowing from the physical injury to another, and found that a claim for loss of consortium is therefore a claim for `personal injury under the terms of an insurance contract providing coverage for personal injuries. This court finds no reason to suppose that the Supreme Court would construe the same phrases in a statute to have a narrower meaning."
Shabazz v. Price, 11 Conn. L. Rptr. 331, 334 (April 22, 1994, Hodgson, J.) (Emphasis added.).
Having concluded § 14-295 permits enhanced remedies, in a cause of action for loss of consortium, the motion to strike Count III and IV, as to the claims for loss of consortium pursuant to § 14-295, should be denied. CT Page 1267-II
C. CONCLUSION:
For the reasons herein stated, it is concluded, the defendant's motion to strike, ought to be and is hereby denied in its entirety.
It is so ordered,
SALVATORE F. ARENA, J.