[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an automobile accident that occurred on August 30, 1995. The plaintiff alleges that a motor vehicle operated by Richard Hite struck the rear of her automobile. The complaint is drawn in three counts. The first sounds in negligence. The second asserts a claim for punitive or exemplary damages. The third sets forth a claim for double or treble damages. The defendant has filed a motion to strike the second and third counts on the ground that they fail to meet the standard for the imposition of the aforementioned damages.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra.
The allegations in the second count of the complaint are almost identical to those of the negligence count. In the second count, however, the plaintiff uses the term "reckless" to describe the defendant's conduct. "Recklessness . . . is more than negligence, more than gross negligence . . . . [T]here must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532 (1988). "A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. 106, 110 (1987). See also Dumond v. Denehy, 145 Conn. 88, 91 (1958). Although this CT Page 11811 court, on one occasion, has held that the same factual predicate may sometimes support claims for both negligence and recklessness, see Keson v. Unkel, Superior Court, judicial district of Danbury at Danbury, Docket No. 311300 (April 13, 1994, Moraghan, J.) (9 C.S.C.R. 479), the plaintiff, in this instance, has not alleged sufficient facts to establish that the defendant acted recklessly. Consequently, the defendant's motion to strike the second count must be granted.
The third count of the complaint merely contains language from §§ 14-295, 14-218a and 14-222 of the General Statutes. The majority of our Superior Courts that have considered the issue, however, have required the allegation of a factual predicate sufficient "to inform the defendant of what acts were reckless . . . regardless of whether the claim is based on a statute or on common law." (Citation omitted.) Meiliken v.Romano, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.). See alsoBivens v. Brewster, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308588 (March 22, 1994, Rodriguez, J.). The motion to strike the third count is also granted.
Moraghan, J.