[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE (#120, #122, #126) Facts
The plaintiff, Michael J. Melious, filed an amended complaint on July 23, 2001. The plaintiff alleges the following facts. On or about May 9, 2000, the plaintiff was driving on Jefferson Avenue in New London when the vehicle driven by the defendant Antonio Acevedo suddenly sped across Jefferson Avenue, forcing the plaintiff to make an abrupt stop. A third vehicle, driven by the defendant Michael D. Jenkins, struck the plaintiff's vehicle from behind, causing serious injuries to the plaintiff.
In count one of the complaint, the plaintiff alleges that Jenkins negligently caused the plaintiff's injuries by following too closely in violation of General Statutes § 14-240, and by violating one or more of General Statutes §§ 14-218a, 14-219, 14-222, 14-230, and 14-239. The allegations of count two are identical to those of count one, except that the plaintiff alleges that Jenkins violated the specified statutes recklessly rather then negligently. In count three, the plaintiff alleges that Acevedo negligently caused the plaintiff's injuries by failing to yield the right of way in violation of General Statutes § 14-247, and by violating one or more of General Statutes §§ 14-218a, 14-219, 14-230, and 14-239. The allegations of count four are identical to those of count three, except that the plaintiff alleges that Acevedo violated the specified statutes recklessly rather then negligently. In count five, the plaintiff alleges that the defendants are jointly and severally liable for the plaintiff's injuries. In his prayer for relief, the plaintiff seeks monetary damages, double or treble damages pursuant to General Statutes § 14-295, costs, and such other relief as the court may deem just and CT Page 16138 proper.
On August 1, 2001, Jenkins filed a motion to strike the fifth count of the amended complaint and the portion of the prayer for relief seeking double or treble damages. On August 15, 2001, Jenkins filed an amended motion to strike in which he also seeks to strike the second count of the amended complaint. On August 9, 2001, Acevedo filed a motion to strike the fourth and fifth counts of the amended complaint and the portion of the prayer for relief seeking double or treble damages. On August 10, 2001, the plaintiff filed an objection to the defendants' motions to dismiss. Each party has submitted a memorandum of law. The plaintiff has agreed, in its memorandum of law and in oral argument, that the motion to strike should be granted as to the fifth count.
 Discussion
The defendants move to strike counts two and four of the amended complaint as well as the portion of the prayer for relief seeking double or treble damages pursuant to General Statutes § 14-295. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998).
In counts two and four of the amended complaint, the plaintiff attempts to state claims of recklessness pursuant to General Statutes § 14-295, which provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222,14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such CT Page 16139 violation was a substantial factor in causing such injury, death or damage to property." The defendants argue that counts two and four should be stricken because the plaintiff has simply repeated the allegations of the negligence counts, without adding any additional allegations that could support a finding of recklessness. The plaintiff argues that counts two and four are legally sufficient because he has specifically pleaded the reckless violation of one or more of the statutory provisions enumerated in § 14-295. The court agrees with the defendants.
At common law, the insertion of the word "reckless" or "recklessness" in a count otherwise stating a claim for negligence is insufficient to state a claim of recklessness. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.) Dumond v.Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
The counts challenged in the present case, however, attempt to state claims of statutory recklessness pursuant to § 14-295, rather than common law recklessness. Our appellate courts have not determined whether such a claim must be pleaded with the same level of specificity required by the common law. There is a split of authority on the issue among the judges of the Superior Court. Some have concluded that a plaintiff may simply repeat the allegations of a negligence count and add allegations that the defendant "has deliberately or with reckless disregard" violated one of the statutes enumerated in § 14-295 and that the violation "was a substantial factor" in causing the plaintiff's injury. See, e.g.,McMillan v. Meunier, Superior Court, judicial district of Litchfield, Docket No. 085257 (August 7, 2001, Cremins, J.); Alterio v. Diaz,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 375823 July 13, 2001, Skolnick, J.); Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.); Plimpton v. Amerada Hess Corp.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Ditillo v. Van Geerdele,
Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.).
Other Superior Court judges have concluded that because Connecticut is a fact pleading state; see Practice Book § 10-1; a plaintiff stating a claim under § 14-295 must allege additional facts constituting recklessness, above and beyond the facts set forth in the negligence count. See, e.g., Giuliano v. Somers, Superior Court, judicial district CT Page 16140 of Hartford at Hartford, Docket No. 801303 (May 21, 2001, Fineberg, J.);McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chattertonv. Infinity Insurance Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold,J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon, J.); Reed v.Sesta, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.).
The court agrees with this second line of cases. Because the plaintiff has failed to plead any new facts in his recklessness counts, but has merely repeated the allegations of the negligence counts, the motion to strike is granted as to counts two and four. Additionally, the portion of the prayer for relief seeking double or treble damages must also be stricken because it is entirely dependent on the plaintiff's claims of recklessness under § 14-295.
 Conclusion
The plaintiff has agreed, in oral argument and in its memorandum of law, that the fifth count of the complaint should be stricken. Additionally, the second and fourth counts, in which the plaintiff attempts to state claims of recklessness pursuant to General Statutes § 14-295, do not contain any facts different from the allegations of the negligence counts. For these reasons, the defendants' motions to strike are granted in full.
Robaina, J.