[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a motor vehicle accident in which the plaintiff asserts that he was injured as a result of the tortious conduct of the defendant. In the first count of his amended complaint, the plaintiff alleges that the defendant was negligent in the operation of her motor vehicle. In the second count, the plaintiff claims she was reckless and he has requested double and treble damages pursuant to General Statutes § 14-295. The defendant has moved to strike the second count of the amended complaint on the wounds that the complaint's factual allegations do not properly state a claim of recklessness.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly wanted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214 (1992).
In count two of his amended complaint, the plaintiff alleges that the defendant operated her motor vehicle in a reckless manner in violation of CT Page 4021 General Statutes § 14-222. The plaintiff specifically alleges that the defendant "relied on a signal from another motorist that it was safe for her to proceed in making a left turn across oncoming traffic from Bridgeport Avene into a parking lot entrance without confirming on her own that it was safe to do so, without regard to said oncoming traffic; and without concern as to whether such a maneuver could be accomplished safely."
The defendant contends that the facts alleged in the amended complaint are insufficient as a matter of law to constitute recklessness. The plaintiff counters that to properly plead a claim of recklessness he need only make the general allegations mentioned in § 14-295 that the defendant recklessly violated one of the enumerated statutes and that such violation was a substantial factor in causing his injury. In addition, he asserts that he has plead in his amended complaint sufficient facts to constitute recklessness.
There is a wide difference between negligence and a reckless disregard of the rights or safety of others. Brock v. Waldron, 127 Conn. 79, 81
(1940). Recklessness entails more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Craig v. Driscoll, 64 Conn. App. 699,720 (2001). Reckless conduct is highly unreasonable conduct, involving an extreme departure from ordinary care, where a high degree of danger is apparent. Dubay v. Irish, 207 Conn. 518, 533 (1988).
The plaintiff points to a number of Superior Court decisions ruling that the mere allegation in a complaint that the defendant recklessly violated one of the statutes enumerated in § 14-295 is sufficient to state a claim of recklessness. See e.g. Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 154509 (May 12, 2000, Doherty, J.) and Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. CV99 0169861 S (Sept. 27, 1999, Karazin, J.). The plaintiff cites an equally impressive number of trial court decisions holding that, in addition to alleging that the defendant recklessly operated her motor vehicle in violation of an enumerated statute, the complaint must allege specific facts which constitute recklessness in order to properly state a claim. See e.g.Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.) and Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.).
The Connecticut Supreme Court has expressly held that the bare allegation that the defendant recklessly operated his motor vehicle is insufficient to state a common law claim of recklessness. Dumond v.CT Page 4022Denehy, 145 Conn. 88, 91 (1958). "Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id. There is no persuasive reason that the rule should be any different for a claim that the offending party recklessly operated his motor vehicle in violation of one of the statutes delineated in § 14-295.
Our rules of practice require fact pleading. See Practice Book §10-1. It is not enough to plead acts according to their legal effect. The pleading must fairly apprise the adverse party of the facts which underlie the claim. See Practice Book § 10-2. These pleading requirements apply equally to common law and statutory causes of action.
The language of § 14-295 does not mandate that the rules of pleading be dispensed with when a party asserts a claim pursuant to that statute. Section 14-295 states that the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.[1] Under the express terms of § 14-295, the plaintiff must specifically plead that the defendant has deliberately or recklessly operated a motor vehicle in violation of one of the enumerated statutes. In order to properly plead the reckless operation of a motor vehicle, the plaintiff must set forth the facts which constitute recklessness. Dumond v.Denehy, supra, 145 Conn. 91.
The plaintiff maintains that he has pleaded facts in his complaint sufficient for a jury to reasonably find that the defendant was reckless in the operation of her motor vehicle. In the second count of his complaint, the plaintiff alleges that the defendant relied on a signal from another motorist that it was safe for her to proceed in making a left turn across oncoming traffic into a parking lot entrance and that she struck the plaintiff's vehicle in making that turn. Even construing these facts in a light most favorable to the plaintiff, a finder of fact could not reasonably and legally conclude that the defendant's conduct was highly unreasonable, involving an extreme departure from ordinary care, where a high degree of danger was apparent. See Craig v. Driscoll,64 Conn. App. 699, 721 (2001). ("Whether defendant's conduct constituted heedless and reckless disregard of the plaintiffs' rights was a question of fact for the jury whose verdict, based upon conflicting evidence, will not be disturbed unless reasoning minds could not reasonably have reached such conclusion.")
The factual allegations asserted by the plaintiff with respect to her CT Page 4023 claim of recklessness constitute nothing more than the failure to exercise a reasonable degree of care under the circumstances. Factual allegations which constitute no more than simple negligence cannot be transformed into claims of reckless misconduct merely by labeling them as such. Brown v. Branford, 12 Conn. App. 106, 110 (1987).
In light of the above, the defendant's motion to strike the second count of the plaintiff's complaint is granted.
BY THE COURT
_________________________ Judge Jon M. Alander