[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
 FACTS
The plaintiffs, Vincent and Helen Maud, bring this action against the defendants, John Donovan Enterprises, Sanitary Equipment Co., Inc., Automated Waste Equipment Co., Inc., Gabrielli Truck Sales of Connecticut, L.L.C., and the moving party, Rhode Island Mack Sales 
Service, Inc. This action arises from injuries that Vincent Maud allegedly suffered while employed with Waste Conversion Technologies, Inc. In count one, the plaintiffs assert a product liability claim under General Statutes § 52-572m. In the second count, Helen Maud asserts a loss of consortium claim. In their second prayer for relief, the plaintiffs are seeking punitive damages.
On or about October 19, 1998, Vincent Maud was allegedly injured while operating a garbage truck for his employer. The plaintiffs allege that while Vincent Maud was attempting to engage the covering system of the truck, the covering system disengaged causing him to be thrown back and suffer serious injuries. The plaintiffs further allege that the defendants are liable because: (1) the truck and its components created an unreasonably dangerous condition, (2) the defendants were negligent in the installation of the components of the truck and failed to adjust the components once they were installed; (3) the defendants failed to provide adequate instructions for the installation and assembly of the components of the truck; (4) the defendants misrepresented the components were safe for public use; (5) the defendants failed to properly and adequately test the components prior to marketing and selling the components; (6) the defendants defectively designed the components; (7) the defendants knew or should have known of the dangerous characteristics of the components; and (8) the defendants breached implied and express warranties.
On June 7, 2000, the defendant, Rhode Island Mack Sales Service, Inc., pursuant to Practice Book § 10-39, moved to strike the plaintiffs' prayer for punitive damages under General Statutes § CT Page 438452-240b[1] because the plaintiffs failed to allege recklessness. The plaintiffs, pursuant to Practice Book § 10-42, filed a memorandum in opposition to the motion on September 27, 2001.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998). "Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39.
The defendant contends that the plaintiffs have failed to allege sufficiently recklessness and as such, the plaintiffs prayer for punitive damages must be stricken. The plaintiffs assert that although they do not mention the term "reckless disregard" in the complaint, the factual allegations support a cause of action in recklessness. Specifically, the plaintiffs argue that the allegation that "the Defendants knew or should have known of the dangerous characteristics of said product yet continued to manufacture and distribute it" is sufficient to establish recklessness. (Complaint, count one, ¶ 18(j).)
The Connecticut Supreme Court has consistently stated that "to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . ." (Citations omitted; internal quotation marks omitted.) Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414
(1992). In actions brought under the Connecticut product liability act, punitive damages may only be awarded if "the claimant proves that the harm suffered was a result of the product seller's reckless disregard for the safety of product users, consumers or others who are injured by the product." General Statutes § 52-240b; see also Morin v. Troymac's,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 171575 (May 12, 2000, D'Andrea, J.).
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than CT Page 4385 gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181, 749 A.2d 1147
(2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that this conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108
(1988).
"There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.)Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' [in the complaint] is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958); see also McHenry v. Lubbell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346842 (August 2, 2001, Skolnick,J.); Neudeck v. Stewart, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335425 (October 1, 1998, Melville, J.). Allegations of recklessness should be pleaded separately and distinctly from those of negligence. Prudential Property Casualty Co. v.Connecticut Light Power Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 255016 (June 27, 1997, Gaffney, J.) (19 Conn.L.Rptr. 659, 660).
Here, the plaintiffs never use the word reckless, and the allegation they rely on to support their claim of recklessness is contained within a paragraph which makes numerous allegations of negligent acts. In count one, paragraph eighteen, the plaintiffs make fourteen allegations. The plaintiffs rely solely on one allegation contained in this paragraph, however, to support their claim of reckless conduct, namely, subparagraph (3). This brief reference, contained within a count which otherwise is clearly limited to ordinary negligence, is insufficient to raise a claim of reckless and wanton misconduct. See Kostiuk v. Queally, supra,159 Conn. 94. The gravamen of the complaint is negligence.[2]
CT Page 4386
The complaint does not contain any allegation that the defendants were reckless in any way. Nowhere in the complaint do the plaintiffs "allege a situation where a high degree of danger was apparent, and that despite the knowledge of the substantial risk of danger, the [defendants] nonetheless proceeded to make a conscious choice to disregard said risk."Morin v. Troymac's, Inc., supra, Superior Court, Docket No. 171575; see also Fusaro v. Waldbaum, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 74280 (September 25, 1995, Stanley,J.).
In addition, "[p]unitive damages may be awarded only for outrageous conduct. . . . The conduct must be outrageous, either because the defendants' acts are done with an evil motive or because they are done with reckless indifference to the interests of others." (Citation omitted; internal quotation marks omitted.) Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352, cert. denied, 201 Conn. 809,515 A.2d 378 (1986). Because the allegations neither support a claim of recklessness nor indicate that the defendants' acts were done with an evil motive, the motion to strike the plaintiffs' second prayer for relief is granted.
 CONCLUSION
The defendants' motion to strike the plaintiffs' second prayer for relief seeking punitive damages is granted because the plaintiffs have failed to allege recklessness.
 ___________________ GALLAGHER, J.