[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury action in which the plaintiff, William Goodyear, filed an amended complaint dated June 21, 2002, containing three counts sounding in negligence, common-law recklessness, and statutory negligence. The action arises out of an automobile accident. The plaintiff alleges that the defendant driver ran into the rear of a motor vehicle operated by the plaintiff. The defendant, Shaheda Ali, has filed a motion (#134) to strike the second and third counts of this complaint on the theory that these claims for common-law recklessness and statutory negligence merely repeat the allegations of negligence set forth in the first count.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
In the first count of the revised complaint, the plaintiff alleges that the defendant Shaheda Ali was negligent in a number of respects, including both statutory and common-law negligence. In the second count, the plaintiff refers to the same ten allegations of negligence but adds that the defendant operator "deliberately and/or recklessly" engaged in the very same allegations of negligence contained in the first count. The only addition in the second count is the allegation that the defendant deliberately and/or recklessly violated General Statutes § 14-222a by CT Page 1577 operating his vehicle in a reckless and dangerous manner under the prevailing road and weather conditions.
At common law, the insertion of the word "reckless" or "recklessness" in a count otherwise stating a claim for negligence is insufficient to state a claim of recklessness. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . Simply using the word reckless or recklessness is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.) Dumond v.Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958). Therefore, the second count is stricken.
Turning to the third count of the revised complaint that alleges statutory negligence, the plaintiff claims that the defendant recklessly and deliberately violated General Statutes § 14-218a (driving unreasonably fast), § 14-219 (speeding), § 14-222a (reckless driving) "and/or" § 14-240a (driving a reasonable distance apart), and that such violation(s) caused injury and damage to the plaintiff. The plaintiff seeks enhanced or multiple damages pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides that: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." There is a split of authority within the Superior Court on the specificity needed to properly allege a claim of statutory recklessness under this statute. Some courts take the position that it is sufficient to plead only the terms of the statute, while other courts require specific factual allegations to support the requisite degree of recklessness to impose statutory liability.
It is noted that decisions of the undersigned were cited by both parties for each side of this controversy. The defendants correctly point out that in 1994 in Jiminez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 127265 (November 8, 1994, Lewis, J.), this court granted a motion to strike in a case involving General Statutes § 14-295 where, in effect, the plaintiff repeated CT Page 1578 the allegations of the negligence count in a count claiming recklessness. However, in more recent years, this court has changed its opinion and now believes that a plaintiff need only allege a statutory violation enumerated in § 14-295, and that such violation was a substantial factor in causing injuries to the plaintiff. See Colley v.Tsilfidis, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 183325 (October 4, 2001, Lewis, J.).
Viewing the allegations of the third count of the amended complaint in the light most favorable to the pleader, as is required; see, e.g.,Faulkner v. United Technologies Corp., supra, 240 Conn. 580; they suffice to state a cause of action for statutory damages under General Statutes § 14-295. These are specific facts from which the trier of fact could conclude, if they are proven, that the defendant deliberately violated one or more of the predicate "trigger" statutes for § 14-295
liability.
Accordingly, the motion to strike the third count on the ground that it fails to allege sufficient facts to support § 14-295
liability is denied.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of January 2003.
William B. Lewis, Judge CT Page 1579