[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Karin Cooper, in this personal injury action, has moved (#103) to strike the claim of the plaintiff, George Comparone, in his prayers for relief, for double/treble damages under General Statutes 14-295. Practice Book 152.
The revised complaint is in two counts. The first recites a number of alleged negligent acts by the defendant, including violation of several motor vehicle statutes. The second count alleges that the collision was caused by defendant's "recklessness" but repeats the very same allegations as set forth in the negligence count. The plaintiff, among other claims, alleges violations of sections 14-218a (traveling unreasonably fast): 14-219 (speeding); and 14-222 (driving recklessly). These are all so-called "trigger" statutes permitting enhanced damages pursuant to General Statutes14-295, which reads as follows: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a,14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
In opposition to the motion to strike, the plaintiff points out that he used the word "recklessness" in the second count to describe the defendant's conduct, and alleged that this recklessness "caused" the collision. The plaintiff also asserted in his second count that as a result of the collision he sustained personal injuries.
The motion to strike is granted on the ground that the statute was not adequately invoked. The second count lacks the required specificity that the defendant's conduct was deliberate CT Page 8101 or in reckless disregard, or that the violation was a substantial factor in causing the injury.
Moreover, in the second count the plaintiff reiterates the same common law and statutory violations alleged in the first count, but labels them as "recklessness." As the Supreme Court said in Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958): "[W]e reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others . . . ." Brock v. Waldron, 127 Conn. 79, 81, 14 A.2d 713 (1940). The case Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988), illuminates the difference between negligence and recklessness:
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either CT Page 8102 actually entertained or to be implied from the conduct and circumstances, 78. Not only the action producing the injury but the resulting injury also must be intentional. (internal quotation marks and citations omitted).
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
(1980); but excising all legal conclusions and unsupported opinions; Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness. The plaintiff has included neither the language necessary to the invocation of General Statutes 14-295, nor sufficient facts to accompany the statutory incantation. Without supporting evidentiary facts, the charge of a conscious or implied "design to injure;" Markey v. Santangelo, 195 Conn. 76, 77,485 A.2d 1305 (1985); is not properly asserted.
For the foregoing reasons, the defendant's motion to strike the claim for double/treble damages is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 27 day of August, 1992.
WILLIAM B. LEWIS, JUDGE