[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE]
By amended three-count complaint filed November 8, 1993, the plaintiffs, Nancy M. Markham ("Markham") and Edwin Summer ("Summer"), have instituted this action to recover for injuries and damages allegedly sustained as a result of an automobile accident which occurred on or about May 19, 1991, in Groton, Connecticut. The plaintiffs allege that on May 19, 1991, defendant suddenly and without warning crashed into the rear of the automobile operated by Markham. As a result of defendant's negligence, Markham and Summer, a passenger in the automobile at the time of the accident, allegedly sustained numerous personal injuries.
In count one of the plaintiffs' amended complaint, Markham seeks monetary damages resulting from the defendant's negligence. In count two of the plaintiffs' amended complaint, Summer incorporates the factual allegations contained in count one and seeks monetary damages resulting from the defendant's negligence. In count three of the plaintiffs' amended complaint, the plaintiffs allege that the defendant "operated his motor vehicle deliberately and/or with reckless disregard of Connecticut General Statutes § 14-218a and § 14-222, and the defendant's violation of these statutes was a substantial factor in causing the injuries to plaintiffs."
On February 14, 1994, the defendant filed a motion to strike count three of the plaintiffs' amended complaint and the corresponding prayer for relief seeking double or treble damages in accordance with General Statutes § 14-295.[1] The defendant submitted a memorandum of law to support his contention that these allegations are legally insufficient.
On March 11, 1994, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. [Ferryman v. Groton], 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. [GordonCT Page 4637v. Bridgeport Housing Authority], 208 Conn. 161, 170,544 A.2d 1185 (1988).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." [Bouchard v.People's Bank], 219 Conn. 465, 471, 594 A.2d 1 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) [Ferryman v. Groton], supra, 142.
Count one of the plaintiffs' amended complaint contain allegations of negligence. The defendant moves to strike count three of the plaintiffs' amended complaint on the ground that the same facts cannot support a cause of action sounding in negligence and recklessness.
"There is a wide difference between negligence and a reckless disregard of the rights or safety of others. . . ." [Brock v. Waldron], 127 Conn. 79, 81, 14 A.2d 713 (1940); see [Dubay v. Irish], 207 Conn. 518, 532-33, 542 A.2d 711 (1988). "The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." [Comparone v. Cooper], 7 CSCR 1108 (August 27, 1992, Lewis, J.); see [Minervini v. Pierce], Superior Court, Judicial District of Waterbury, Docket No. 11 19 87 (January 22, 1993); [Anderson v.Ansaldi], 8 Conn. L. Rptr. 242 (January 22, 1993, Berger, J.); [Allen v. Lazzari], Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 03 73 36 (May 5, 1992); but see [Spencer v. King], 8 CSCR 1024 (September 16, 1993, Higgins, J.) (General Statutes § 14-295 requires plaintiff to plead only that another party, with reckless disregard, operated his motor vehicle in violation of General Statutes § 14-218a and § 14-222).
Count three of the plaintiffs' amended complaint merely incorporates the factual allegations contained in count one of the plaintiffs' amended complaint. Therefore, because the plaintiffs cannot reiterate facts to support their cause of action grounded in recklessness based on facts previously asserted to support their cause of action grounded in negligence, count three of the plaintiffs' amended complaint must be stricken. See [Minervini v. Pierce], supra; [Anderson v.Ansaldi], supra. CT Page 4638
Accordingly, the defendant's motion to strike the third count and the portion of the plaintiffs' prayer for relief seeking double or treble damages pursuant to General Statutes § 14-295 is granted.
Leuba, J.