[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Defendant Christopher R. Carter moves to strike the Third and Sixth Counts of the complaint, sounding in common law reckless misconduct, on the ground that these counts simply re-allege the allegations of negligence that appear in the corresponding First and Fourth Counts, and thus are legally insufficient to set forth a cause of action of common law reckless misconduct. The Court concurs.
The first three counts of this six-count complaint set forth the claims of the Plaintiff Brodeur, and the last three counts set forth the claims of Plaintiff Williams. The First and Fourth Counts are captioned "Negligence," and the Third and Sixth Counts are captioned "Common Law Recklessness." The Second and Fifth Counts, captioned "Statutory Recklessness," are not here in issue.
The specified alleged misconduct is set forth in Paragraph 4 of each of the four counts in issue. The factual specifications are identical. There are twelve specifications, three alleging moving statutory violations and nine alleging common law violations in the nature of inattentiveness, lack of control and lack of due care. The only difference between the First and Fourth Counts alleging negligence, and the corresponding Third and Sixth Counts alleging recklessness is Plaintiffs' characterization of these specifications as "negligence and carelessness" in the former, and as "reckless and wanton misconduct" in the latter.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted."Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton,
supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
The Defendant asserts that the Third and Six Counts do not sufficiently allege facts supporting a claim for common law recklessness. The Defendant contends that these counts are based CT Page 11616 upon the same factual allegations supporting the Plaintiffs' claim for negligence in the corresponding First and Fourth Counts, and fail to allege specific facts rising to the level of recklessness. The Plaintiffs, however, argue that the subject counts sufficiently notify the Defendant that he is being charged with more than mere negligence, citing Seymour v. Carcia,24 Conn. App. 446, 451-52 (1991).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the action.
Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). (Citations and internal quotation marks omitted.)
To maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must inform the court and opposing counsel clearly that willful or malicious conduct is being asserted.Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984).
 There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to inform the court and opposing counsel that reckless misconduct is relied on. Simply using the work "reckless or recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
CT Page 11617
Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 713 (1958).
In practice, the terms willful, wanton or reckless conduct have been treated as meaning the same thing. Dubay v. Irish,
supra, 207 Conn. 533.
 The result is that "willful," "wanton" or "reckless" conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake, inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.
Id., 533, quoting W. Prosser W. Keaton, Torts (5th Ed.) § 34, p. 214.
The factual specifications alleged by the Plaintiffs are at best boilerplate negligence allegations.
 The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim for reckless misconduct by mere nomenclature.
Comparone v. Cooper, 7 CSCR 1108 (August 27, 1992, Lewis, J.). There are no allegations sufficient to elevate these negligence specifications to the level of reckless and wanton misconduct. Merely labelling them so is not enough.
The Defendant's motion to strike the Third and Sixth Counts of the Complaint is granted.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT