[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 104
FACTS
On August 6, 1996, the plaintiff, Neal b. Nowitz filed a two count complaint in negligence, and statutory recklessness against the defendants, JBH Transport, Inc. (JBH) and Andrew J. Dellolio. The plaintiff alleges in his complaint that on February 2, 1996, a motor vehicle driven by Dellolio and owned by JBH, struck the motor vehicle, operated by the plaintiff from behind, while it was stopped in traffic in the left hand lane of westbound I-95 near exit 48 in New Haven, Connecticut. The plaintiff further alleges that he suffered injuries from the collision.
On November 22, 1996, the defendants filed a motion to strike count two of the plaintiff's complaint on the grounds that he has not sufficiently alleged a claim of recklessness. The defendants also filed a memorandum of law in support. The plaintiff filed a memorandum in opposition on November 26, 1996.
THE LAW
CT Page 303-OO
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 224 Conn. 215.
The defendants argue that the plaintiff's second count alleging recklessness is legally insufficient in that it relies upon the identical facts alleged in support of his claim in negligence. The plaintiff responds that his claim is statutory CT Page 303-PP recklessness, pursuant to General Statutes § 14-295, and does not require the specificity of pleading necessary to support a common law recklessness claim.
"A split of authority exists in the superior courts as to the degree of specificity required when alleging a cause of action in recklessness pursuant to § 14-295." Castillo v.Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.) General Statutes § 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
"In the first line of cases, courts have interpreted [§]14-295 to require more than simply pleading that the defendant has violated one of its specifically enumerated statutory sections. One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at CT Page 303-QQ common-law." Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket no. 129692 (March 13, 1996, McDonald, J.), citing, Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J., 13 CSCR 32); Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.); Lezotte v. Hanover Ins.Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J., 8 CSCR 156); Comparonev. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J.,7 CSCR 1108); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex, Docket No. 061126 (June 10, 1992, Austin, J.,7 CSCR 752); Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 099755 (April 4, 1991, Sullivan, J.).
The second line of cases simply requires that the plaintiff allege that the defendant deliberately or with reckless disregard violated one of the enumerated statutes in § 14-295, and that the violation of the enumerated statute or statutes was a substantial factor in the injuries suffered by the plaintiff. See, e.g., Castillo v. Caporani, supra; Palmer v. MitsubishiMotors Credit of America, Superior Court, judicial district of New London at New London, Docket No. 536828 (February 28, 1996, Walsh, J.); St. George v. Connecticut Car Rental, Superior CT Page 303-RR Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.); Smith v.Mitsubishi Motors, Superior Court, judicial district of New
London at New London, Docket No. 535161 (January 17, 1996, Hurley, J.); Besson v. Davis, judicial district of Fairfield at Bridgeport, Docket No. 327040 (January 5, 1996, Ballen, J.);DeGray v. Sullens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047978 (May 23, 1995, Skolnick, J.); Guinta v. Beverley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139852 (March 15, 1995, Nigro, J.); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgens, J., 8 CSCR 1024).
This court finds the second line of cases more persuasive in that "[t]he plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King,
supra, and the line of cases in accord with that decision."Besson v. Davis, supra. In count two the plaintiff has alleged that Dellolio "deliberately or with reckless disregard operated [his] vehicle at an unreasonable, improper and excessive rate of speed having regard to the curves, width, traffic and use of said highway and the intersection of said streets and the weather conditions then and there existing in violation of § 14-218a
of the Connecticut General Statutes which was a substantial CT Page 303-SS factor in causing the Plaintiff's injuries." Inasmuch as §14-218a is one of the enumerated statutes within § 14-295, the plaintiff has sufficiently alleged a cause of action in action in recklessness under § 14-295. Accordingly, the defendants' motion to strike count two of the plaintiff's complaint should be and is denied.
BY THE COURT,
MELVILLE, JUDGE