[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Christy Duffy, brings this action to recover for injuries sustained as a result of the defendant Michael Winters' alleged negligent and reckless operation of a motor vehicle. In a two count complaint, filed May 19, 1997, the plaintiff alleges that on or about September 30, 1995, the plaintiff was operating a motor vehicle traveling in a northerly direction on North Main Street, Waterbury, Connecticut. After stopping her vehicle at the intersection of North Main and Grassy Hill Road, the defendant, suddenly and without warning, caused his vehicle to crash violently with the vehicle operated by the plaintiff, thereby causing the plaintiff's complained of injuries.
The first count of the complaint sounds in negligence. The second count alleges that the defendant operated the motor vehicle in a reckless manner, which the plaintiff claims permits her to seek double and treble damages in accordance with General Statutes § 14-295.
On September 5, 1997, the defendant filed a motion to strike the second count of the plaintiff's complaint and the corresponding prayer for relief. The defendant claims that the plaintiff has merely realleged the negligent acts of the first count in the second count, without adding any additional facts, CT Page 13375 and therefore has not sufficiently alleged a cause of action in recklessness to invoke General Statutes § 14-295. The plaintiff filed an objection and a memorandum in support of its objection, dated September 18, 1997, to the defendant's motion to strike. The plaintiff contends that she has sufficiently alleged a statutory claim of recklessness, which places her claim within the realm of § 14-295.
Having considered the pleadings and arguments of counsel in this case, for the reasons that follow, the plaintiff's objection to the defendant's motion to strike is sustained. Accordingly, the defendant's motion to strike is denied.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, ___ A.2d ___ (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the pleader . . . ." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S. Textile Mills, Inc.v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993).
General Statutes § 14-295 provides in pertinent part: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a,14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such CT Page 13376 injury . . . ." "An award of double [or treble] damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295
refers." Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108
(1988).
In the instant case, the issue before this court is what the plaintiff must plead to state sufficiently a claim supporting double or treble damages under § 14-295. With the appellate courts of this state not yet addressing this issue, a split of authority has developed among the decisions of the Connecticut Superior Courts. See generally, Prince v. Gilling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, J.). In the first line of cases, courts have interpreted General Statutes § 14-295
to require more than simply pleading that the defendant has violated one of its specifically enumerated statutory sections. These decisions hold that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common law. Seee.g., Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.);Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.)(13 CSCR 32); Jimenez v. Schell, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.); Lezotte v. Hanover Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 CSCR 156); Comparone v. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J.) (7 CSCR 1108);Gaudet v. Ziobran, Superior Court, judicial district of Middlesex, Docket No. 61126 (June 10, 1992, Austin, J.) (6 Conn. L. Rptr. 862); Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 99755 (April 4, 1991, Sullivan, J.). Additionally, these courts have held that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Fisher v. Irby, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.).
The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295. See, e.g., CT Page 13377Munn v. Duarte, Superior Court, judicial district of Waterbury, Docket No. 131427 (September 19, 1996, Pellegrino, J.); St.George v. Connecticut Car Rental Co., Superior Court, judicial district of Hartford-New Britain, Docket No. 554923 (February 27, 1996, Spada, J.); Smith v. Mitsubishi Motors, Superior Court, judicial district of New London, Docket No. 535161 (January 17, 1996, Hurley, J.); Besson v. Davis, Superior Court, judicial district of Fairfield, Docket No. 327040 (January 5, 1996, Ballen, J.); Armstrong v. Smith, Superior Court, judicial district of Hartford-New Britain, Docket No. 533947 (December 2, 1994, Sheldon, J.) (13 Conn. L. Rptr. 120); Spencer v. King, Superior Court, judicial district of Middlesex, Docket No. 069530 (September 16, 1993, Higgins, J.) (10 Conn. L. Rptr. 48). "Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries." McGuire v. Ferguson, Superior Court, judicial district of Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn. L. Rptr. 624). According to this view, General Statutes § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra.
This court finds persuasive the reasoning set forth in this latter line of cases. In order to sufficiently allege a cause of action under § 14-295, the plaintiff is required to allege only that the defendant has violated one or more of the enumerated statutory provisions in § 14-295 and that such violation was a substantial factor in causing the plaintiff's injury. See Munn v. Duarte, supra; Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.); St. George v. ConnecticutCar Rental, supra.
In the second count of the complaint, the plaintiff alleges that the defendant operated his vehicle with intentional or reckless disregard, in violation of General Statutes §§14-218a, 14-222 and 14-240. Furthermore, as required by the plain language of § 14-295, the plaintiff alleges that the defendant's violations were a substantial factor in causing the plaintiff to sustain the injuries and damages. The court finds, therefore, that the plaintiff has satisfied the pleading requirements set forth in the second line of cases for a claim of double or treble damages pursuant to § 14-295. CT Page 13378
Accordingly, the defendant's motion to strike the second count and the corresponding prayer for relief seeking double or treble damages under § 14-295 is hereby denied.
IT IS SO ORDERED.
Dated at Waterbury, Connecticut this 9th day of December, 1997.
BY THE COURT
Espinosa, J.