[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE
I. Factual and Procedural Background
On January 6, 1997, Angel Vega (hereinafter the "plaintiffs"), by and through his mother Carmen Feliciano, and Carmen Feliciano, in here individual capacity, filed a sixteen count complaint alleging state constitutional violations, negligent and intentional infliction of emotional distress, negligence, recklessness, bystander emotional distress, respondeat superior, indemnification, violation of General Statutes §§ 52-557 (n), and indemnification pursuant to General Statutes § 7-465 as to R. Williams, John Doe # 1, John Doe # 2, Bruce Rinehart, and the city of New London.[1]
The complaint alleges the following facts. On October 1, 1995, at 9:30 PM, Angel Vega was walking near his house, located at 163 Huntington Turnpike, New London, Connecticut, with his brother, Raphael Traveras. At that same time, Officer John Doe # 1 and Officer John Doe # 2 instructed Mr. Vega and Mr. Traveras CT Page 7276 to leave the area. Mr. Vega and Mr. Traveras walked away. Subsequently, the officers attacked Mr. Traveras with their police batons and arrested him. The beating caused Mr. Traveras serious physical injuries. Mr Vega and his mother, Carmen Feliciano, witnessed the arrest and beating of Mr. Traveras. The complaint further alleges that R. Williams assaulted Mr. Vega, pushed up his shoulder and slammed his neck against a car, thereby causing injury to him. Mr. Vega, however, was not arrested. Ms. Feliciano also observed the assault on Mr. Vega.
On March 11, 1997, the defendants filed a motion to strike Counts one, three, eight, ten, eleven, twelve, thirteen, and fifteen on the ground that the Counts were legally insufficient to state causes of action. On March 18, 1997, the plaintiffs filed their objection to the defendants' motion to strike. On April 7, 1997, the court, Hurley, J., heard oral argument on the motion to strike.
II. Motion to Strike, Legal Standard
"The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." Caval v.Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 906 (1982). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214 15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the, complaint;" Waters v. Autori, 236 Conn. 820, 825,676 A.2d 357 (1996); and "the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138 140, 438 A.2d 27
(1980). The facts in the complaint must be considered most favorably to the pleader. Waters v. Autori, supra, 236 Conn. 825. When "facts provable in the complaint would support a cause of action, the motion must be denied." Id. 826.
III. Discussion
The defendants move to strike those counts alleging violation of the state constitution, recklessness, negligence, and respondeat superior against the applicable defendants.
1. State Constitution Claims
CT Page 7277
Counts one, eight, and eleven of plaintiffs' complaint allege that the plaintiffs' rights under Article first, §§ 1, 7, 8, and9, of the Connecticut constitution have been violated by the defendants, and that, as a result, they are entitled to money damages. The defendants have moved to strike the above mentioned counts on the ground that a deprivation of constitutional rights does not give rise to an action for money damages.
In Kelly Property Development, Inc. v. Lebanon,226 Conn. 314, 627 A.2d 909 (1993), the Connecticut Supreme Court held that Article first, § 10, of the Connecticut constitution did not afford a monetary remedy for violation of a party's due process rights in conjunction with the denial of a zoning application by the city of Lebenon. The Superior Courts appear to be split on the breadth of the Court's Kelley Property holding in foreclosing monetary remedies for state constitutional violations. Certain court's have limited Kelley Property to its factual basis. SeeSantiago v. Fuller, Superior Court, judicial district of New Haven at New Haven, Docket No. 521566 (November 2, 1995, Corradino, J.) (stating that the holding in Kelly Property might not foreclose a claim for monetary damages based on the state due process clause), and Turner v. John Doe # 1, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557306 (January 15, 1997, Levine, J.) (holding that a claim for monetary damages would lie for a violation of defendants rights under Article first, § 1, 7, 8, 9, 11 and 20). Other courts have held that the Court's holding in Kelly Property stands as a general bar to claims for money damages arising from constitutional violations. See Tremblay v. Webster, Superior Court, judicial district of New London at New London, Docket No. 530898 (March 1, 1996, Hendel, J.) (holding that Kelly Property
"firmly establishes that the Connecticut constitution does not provide for monetary damages for a violation of a state constitutional right in the absence of an explicit statute."), and CZAP v. Town of Newton, Superior Court, judicial district of Danbury, Docket No. 322425 (December 12, 1996, Moraghan, J.) (holding that Article first, § 8, does not provide monetary damages for a violation of due process or equal protection rights in the absence of an explicit statute.).
Based on its reading of Kelley Property, this court concludes that the Connecticut constitution does not provide the plaintiffs with a claim for monetary damages. The language of the Court's decision in Kelley Property indicates a general unwillingness to permit such types of claims, and until the Appellate Court or the CT Page 7278 Supreme Court recognizes such a claim this court is not willing to do so. The defendants' motion to strike counts one, eight, and eleven of the plaintiffs' complaint is granted.
2. Recklessness Claims
Counts three, ten, and thirteen of the plaintiffs' complaint allege recklessness against various defendants.[2] The defendants move to strike these Counts on the ground that the plaintiffs' recklessness claims are mere reallegation of their negligence counts, and that, in order to be legally sufficient, the plaintiffs must allege additional facts which constitute recklessness. The plaintiffs objects to the defendants' motion to strike Counts three, ten, and thirteen, claiming that the Counts allege violations of the Connecticut constitution from which reckless conduct can be sufficiently inferred.
Reckless conduct is more then negligence or gross negligence and turns on the offending party's state of mind. Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable [person] and the actor must recognize that [his or her] conduct involves a risk substantially greater than that which is necessary to make his [or her] conduct negligent." (Ellipsis omitted; internal quotation marks omitted.) Bishop v. Kelley 206 Conn. 608, 614-15,539 A.2d 108 (1988). In order to state a legally sufficient cause of action for recklessness, "a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958).
The plaintiffs' complaint does not allege facts sufficient to state a cause of action for recklessness. Rather the plaintiffs have merely recharacterized their negligence counts as recklessness counts. This court can find no legal authority for plaintiffs assertion that merely alleging a constitutional violation is factually sufficient to support a claim of recklessness. The defendants' motion to strike Counts three, ten, and thirteen is granted on the ground that the Counts fail to state facts from which the requisite state of mind for recklessness could be inferred.
3. Negligence
CT Page 7279
Count twelve alleges negligence on the part of the city of New London. The defendant argues that Count twelve should be stricken on the ground that the acts in question are governmental acts and that the city is immune from liability for such acts.
Practice Book § 164 states that governmental immunity should be pled as a special defense. Practice Book § 164. However, if "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987).
In order to determine whether governmental immunity attaches, the court must first determine whether there is a public or private duty alleged by the plaintiffs. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Second, the court must determine whether the acts in question are governmental, requiring discretion on the part of the municipal employee, or ministerial, requiring no discretion by the employee. If an action is determined to be governmental, immunity will attach unless the acts come under one of the narrow exceptions to the rule. Id. 170.
The plaintiffs' complaint alleges that the city of New London was negligent in failing to promulgate appropriate guidelines for the City's police officers regarding detention, custody, arrest, and use of force, failed to adequately supervise the police officers in their duties and responsibilities, failed to take appropriate discipline against the police officers for the conduct as to the plaintiffs, failed to institute a reasonable psychological counseling or screening procedure within the police force that would reveal a propensity toward excessive force by members or prospective members, failed to investigate the backgrounds of candidates to be hired as police officers, failed to monitor the police officers job performance, failed to institute a civilian review board to investigate complaints of misconduct, and failed or refused to promulgate and enforce appropriate guidelines for investigating complaints of police misconduct.
On the face of the plaintiffs' complaint, it is not apparent CT Page 7280 whether the actions of the City of New London are ministerial or governmental. If the actions of the City are not clearly governmental, the motion to strike should be denied. The motion to strike count twelve is denied on the ground that governmental immunity does not foreclose the plaintiffs' negligence claim against the city of New London.
4. Respondeat Superior
In Count fifteen the plaintiffs has alleged that the city of New London is liable for the negligence of its employees on a theory of respondeat superior. The defendants move to strike Count fifteen on the grounds that 1) the plaintiffs have already alleged the statutory equivalent of respondeat superior, and 2) because the doctrine of governmental immunity bars the plaintiffs' claim. Since this court has determined not to preclude the plaintiffs' negligence counts on the basis of governmental immunity, the same reasoning is dispositive of the motion to strike Count fifteen. The defendants' motion to strike Count fifteen is denied.
IV. Conclusion
The defendants' motion to strike counts one, eight, and eleven is granted on the ground that the Connecticut constitution does not provide for a monetary damages claim. The defendants' motion to strike counts three, ten, and thirteen is granted on the ground that the plaintiffs have failed to plead sufficient facts to allege a claim for recklessness. The defendants' motion to strike count twelve is denied on the ground that governmental immunity does not foreclose the plaintiffs' negligence claim. The defendants' motion to strike Count fifteen is denied on the ground that governmental immunity does not foreclose the plaintiffs' respondeat superior claim.
Hurley, J.